Rafael **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49949.

Court of Criminal Appeals of Texas.

June 4, 1975.

Gary J. Hill, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Kevin E. Shannon, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the burglary of a habitation; the punishment assessed by the court is imprisonment for five years.

The only issue presented is whether the court erroneously admitted evidence obtained by an El Paso police officer after the warrantless arrest of the appellant.

The appellant urges that his rights under the Fourth Amendment to the Constitution of the United States were violated when he was stopped and detained by Officer Marcus Valero and therefore, the court erroneously admitted in evidence a medallion found in the appellant's possession and evidence concerning a television set which was seized. Both the medallion and the television set had been stolen in the burglary.

While on patrol with his partner at 3:00 p. m., Valero saw an automobile parked in front of a motel; in the open trunk he saw a piece of furniture partly wrapped with a blanket. When he first saw the automobile Valero recognized the appellant, a passenger, and Jesus Chavez, the driver. The officers made a U turn and started back toward the motel. They met the automobile they had seen parked and made another U turn; as they followed the automobile Valero could see that the piece of furniture in the trunk was a console television set. When they overtook the automobile they signaled for the driver to stop and he did. Valero approached the automobile; he observed in plain view on the rear floorboard an adding machine that looked like the adding machine that he knew had been sto-len from a lawyer's office in a recent burglary. All five men in the automobile were then placed under arrest.

No traffic offense was committed, and Valero did not have a warrant or any information concerning the television set which had been taken in a burglary of a habitation about one hour before the officer observed it in the trunk of the automobile. We must determine whether stopping the automobile and detaining the appellant and the other four men was lawful.

Although an "inarticulate hunch" is not sufficient to permit an officer to stop and detain a person for investigation, Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Brown v. State, 481 S.W.2d 106 (Tex.Cr.App.1972), the protection of the Fourth Amendment against unreasonable searches does not prevent a police officer in appropriate circumstances from stopping and detaining a person to investigate suspected criminal behavior even though there is not probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). To determine whether an officer is justified in making such an intrusion upon the freedom of the person stopped and detained, the court must find that the officer in light of his experience and general knowledge had specific and articulable facts which taken together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the person stopped for further investigation. Terry v. Ohio, supra; see also Baity v. State, 455 S.W.2d 305 (Tex.Cr.App.1970); Dorsey v. United States, 125 U.S.App.D.C. 355, 372 F.2d 928 (1967); United States v. Owens, 472 F.2d 780 (8th Cir. 1973).

Officer Valero was assigned to the Tactical or Intelligence Unit of the Burglary Bureau of the El Paso Police Department. It was his duty to obtain names, addresses, license numbers, descriptions of vehicles, and other information about burglaries

that had been committed and to obtain information about persons known to be committing or suspected of committing burglary and narcotic offenses. During the morning of the day he arrested the appellant Valero had a discussion with a fellow police officer about a recent burglary of a lawyer's office; from this discussion Valero knew that an adding machine of a certain color and brand had been stolen. Valero had arrested the appellant on a prior occasion for shooting at a police vehicle, and Valero knew that the appellant was "a known burglar" and he also "knew for a fact that [the appellant] was a drug addict." Valero recognized the appellant and the driver when he first saw them, and before the automobile was stopped he had recognized all five of the men in the automobile.

■■ When the officer saw the appellant, a known burglar and narcotic addict, in the automobile parked in front of a motel with a console television set partly wrapped in a blanket in the trunk, he had specific and articulable facts which, in light of his experience and general knowledge when taken together with rational inferences to be drawn from those facts, were sufficient to permit him to stop and detain the automobile. He had a sufficiently reasonable belief that criminal activity was occurring to stop and detain the automobile to make further investigation. See United States v. Santana, 485 F.2d 365 (2nd Cir. 1973); United States v. Leal, 460 F.2d 385 (9th Cir. 1972); United States v. Fallon, 457 F.2d 15 (10th Cir. 1972); State v. Rankin, 477 S.W.2d 72 (Mo.Sup.Ct.1972). When the officer approached the stopped vehicle and saw in plain view in the automobile the adding machine which he believed was stolen from the lawyer's office he had probable cause to arrest the occupants of the automobile. See Onofre v. State, 474 S.W.2d 699 (Tex.Cr.App.1972); Jefferson v. State, 452 S.W.2d 462 (Tex.Cr.App.1972); Taylor v. State, 421 S.W.2d 403 (Tex.Cr.App.1967). The court did not err in admitting the medallion in evidence and in admitting testimony concerning the television set seized.

■ So there will be no misunderstanding, we are not holding that a police officer has the right to stop for investigation any person that he knows to have once been involved in criminal activities or anyone who associates with such a person. Sibron v. New York, supra. This Court will not, nor should any court, tolerate unfounded detention or harassment of citizens. Such an encroachment on freedom as here occurred will only be allowed where the totality of the circumstances can justify a reasonable suspicion of wrongdoing. We reiterate the words of the Supreme Court of the United States:

"Nothing we say today is to be taken as indicating approval of police conduct outside the legitimate investigative sphere. Under our decision, courts still retain their traditional responsibility to guard against police conduct which is overbearing or harassing, or which trenches upon personal security without the objective evidentiary justification which the Constitution requires. When such conduct is identified, it must be condemned by the judiciary and its fruits must be excluded from evidence in criminal trials." Terry v. Ohio, supra, at 88 S.Ct., p. 1876.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.