Larry Keith GREER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52041.

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Rehearing Denied Dec. 22, 1976.

Frank Maloney and Kenneth E. Houp, Jr., Austin, for appellant.

C. Ned Granger, County Atty. and John C. Augustine, Asst. County Atty., Austin, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of driving while intoxicated. The punishment, assessed in the trial before the court, was a $100 fine and three (3) days in county jail.

`Appellant in his first ground of error contends that his warrantless arrest was without constitutional or statutory authority and any evidence obtained as a result of that arrest should have been suppressed.

Austin police officer John Johnston testified that on January 8, 1974, at 1:30 a. m., he was escorting the moving of a house on East Seventh Street, which is a one-way east bound street. At such time he observed an automobile traveling west the wrong way on Seventh Street. Such vehicle came within 40 feet of Johnston's patrol unit and then made a right turn onto Red River Street at a faster than normal speed. He was unable to identify the driver, but observed he was a white male with light colored hair. Johnston then broadcasted over his radio unit a description of dark blue over light blue Continental automobile, late model,[1] and stated it had been driving the wrong way on Seventh Street and was "possibly D.W.I." He later saw a car at the police pound which looked similar to the one he had seen.

Austin police sergeant Claude Hill testified he heard the radio broadcast for any police unit around Seventh and Red River Streets and that a possible D.W.I. had been westbound on East Seventh in a dark over light blue Continental. Later he heard a broadcast state the car had gone west on Eighth Street. As Hill turned westbound

---

1. · At the hearing on motion to suppress, officer Hill testified Johnston had described the car as a '73 model.

onto Eighth Street, he saw a large car moving at a very slow rate of speed two and a half blocks away. He closed the gap and observed that the Continental was not traveling faster than 4 to 7 m.p.h. The Continental, meeting the description of the broadcast, turned south onto San Jacinto and then east onto Seventh Street. Taking into consideration the broadcast, the manner of slow driving with no traffic to retard the vehicle at that time, the out of county license plates, and the fact that the driver had apparently driven in "a kind of square," Hill put on the red lights of his patrol unit and stopped the Continental after two blocks. Hill related he stopped the vehicle partly because of the possibility that the driver was intoxicated considering the manner of his driving and partly because he thought the driver might be lost in view of his manner of driving and out of county plates.

Hill related appellant, whom he identified in the courtroom as a blond-headed man, got out of the vehicle and fell against the car. Hill could detect a strong odor of alcohol on the appellant's breath and observed that he was unsteady on his feet and was swaying to and fro. His speech was slurred. Hill stated that after he observed the appellant was intoxicated he then arrested him.

Appellant contends that the authority to make a legal arrest without a warrant is controlled exclusively by statute in Texas. He argues if the situation claimed to authorize an arrest without warrant does not come squarely within some classification established by statutes authorizing such arrest, the authority does not exist. The assertion made is that neither Articles 14.01, 14.02, 14.03 or 14.04, Vernon's Ann.C.C.P., or Article 6701d, Sec. 153, Vernon's Ann. C.S., or any other Texas statute grants authority to arrest without warrant where the officer receives credible information that a misdemeanor has been committed and the person is about to escape.

However, under the circumstances described in the present case, we need not address the issue of whether there was jus-

tification to arrest without warrant upon credible information that a misdemeanor had been committed or whether there was probable cause to stop the car.

■ The Fourth Amendment has been held not to require a policeman who lacks a precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow crime to occur or a criminal to escape. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Wood v. State,* 515 S.W.2d 300 (Tex. Cr.App.1974). Circumstances falling short of probable cause for arrest may justify temporary detention for purposes of investigation since an investigation is considered to be a lesser intrusion upon the personal security of an individual than is an arrest. *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App. 1976); *Thompson v. State,* 533 S.W.2d 825 (Tex.Cr.App.1976); *Mann v. State,* 525 S.W.2d 174 (Tex.Cr.App.1975); *Hernandez v. State,* 523 S.W.2d 410 (Tex.Cr.App.1975); *Borner v. State,* 521 S.W.2d 852 (Tex.Cr. App.1975); *Wood v. State,* supra; *Baity v. State,* 455 S.W.2d 305 (Tex.Cr.App.1970); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams,* supra; *Hazel v. State,* 534 S.W.2d 698 (Tex. Cr.App.1976).

■ Thus neither tests of reliability demanded for showing of probable cause nor showing of probable cause is required to justify an investigative stop. *United States v. Rollerson,* 491 F.2d 1209 (5th Cir. 1974); *Wood v. State,* supra; *Borner v. State,* supra. A brief stop of a suspicious individual in order to maintain status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time. *Adams v. Williams,* supra; *Wood v. State,* supra; *Thompson v. State,* supra; *Borner v. State,* supra.

Of course, the officer must, in light of his experience and general knowledge, have specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant such a stop. *Hernandez v. State,* supra; *Terry v. Ohio,* supra; *Baity v. State,* supra; *United States*

*v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

■ An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Adams v. Williams,* supra; *Wood v. State,* supra; *Hazel v. State,* supra; *Hernandez v. State,* supra; *Mann v. State,* supra.

■ In the instant case officer Hill had received a police broadcast that a described Continental automobile was "possibly D.W. I." and had been seen going the wrong way on a one-way street. A later broadcast informed him the vehicle had turned onto Eighth Street and within 30 to 35 seconds Hill observed a large car on Eighth Street, there being no other traffic in the area. He closed the gap between his patrol unit and the other vehicle and observed it met the description given. He noted that the Continental was traveling from 4 to 7 m. p. h., a very slow speed without any other traffic to impede it. He stated he did not observe any traffic violations. He followed the car for several blocks. Hill also observed that from the information he received as to where the car had been and from the turns the vehicle made the driver was driving in a "kind of square." Noting the out of county license plates and given the early morning hours, Hill concluded the driver could be lost. He thus determined to make an investigatory stop. The stop under the circumstances was justified. Hill did not testify that he stopped to make a check to see if the driver had an operator's license, although he could have done so.[2] He did testify that he asked the appellant for an operator's license and that he produced a valid one. By this time, of course, the appellant had fallen against the car, and had displayed other signs of intoxication earlier described thus providing probable cause for his warrantless arrest for driving while intoxicated.

Appellant's contention is overruled.

■ In another ground of error appellant contends the court erred in failing to grant

his motion to quash the complaint and information because there was no allegation therein of culpable mental state for the offense of driving while intoxicated. *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App. 1975), and *Owen v. State,* 525 S.W.2d 164 (Tex.Cr.App.1975), have been decided contrary to appellant's contention. We adhere to those decisions.

■ Finally appellant contends the court erred in refusing to allow him to reopen a pre-trial hearing on his motion to suppress at the time of the trial. The hearing on the motion to suppress had been heard before a different judge some six months before. The case was later transferred to the court where the trial was had. On the day of trial the appellant asked to reopen such hearing to allow him to testify he thought he was not free to leave at the time he was stopped by the officer. Upon refusal to reopen the hearing, the appellant perfected his bill of exception. We do not find an abuse of discretion.

The judgment is affirmed.

ROBERTS, Judge (concurring).

I agree that Sergeant Hill was justified in stopping the appellant's car for investigation. See *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Hernandez v. State,* 523 S.W.2d 410 (Tex.Cr.App.1975).

However, I cannot agree that the out-of-county license plates on the car constituted any part of this justification. As we said in *Faulkner v. State,* (Tex.Cr.App.1976), No. 51,235 (delivered November 17, 1976) 2 TCR 178: "The out-of-county tags and slow driving were not evidence of any wrongdoing."

The basis for such a conclusion is obvious. Our society has become an extremely mobile one: Intercounty, interstate, and even international automobile travel is not merely commonplace, but pervasive. To say that such travel is suspicious is to point the

---

2. Article 6687b, Sec. 13, Vernon's Ann.C.S.; *Leonard v. State,* 496 S.W.2d 576 (Tex.Cr.App. 1973); *Black v. State,* 491 S.W.2d 428 (Tex.Cr. App.1973).

finger of criminal accusation at the great majority of American citizens.

For these reasons I cannot agree with the majority's implication that out-of-county license plates can be part of a police officer's justification for an investigative stop.