Opinion issued on July 3, 2002 











In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00272-CR






CALVIN ALLEN SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 834513






O P I N I O N


 Appellant, Calvin Allen Smith, was charged by indictment with the felony
offense of attempted burglary of a habitation. (1) The jury found appellant guilty, and,
after finding two enhancement paragraphs true, assessed punishment at life in prison. 
In four points of error, appellant claims (1) the trial court erred by overruling his
motion to suppress, (2) the trial court erred by refusing to submit a 38.23 instruction,
and (3) the evidence was legally and factually insufficient. We affirm.

Factual Background

 At approximately midnight on March 11, 1999, Thonda Theissen, awoke to the
sound of mumbling and the light of flashlight beams shining through her dining room
window. Thiessen ran inside her bathroom, called 911, and waited for the police to
arrive. 

 Houston Police Department officer J.R. Richardson arrived at the scene within
minutes of Theissen's call. He testified that as he approached her front door, he heard
low talking, gravel shuffling, and the tapping of glass coming from the rear of
Theissen's home. After Richardson's radio made a loud sound, he heard some
movement in the backyard, and also a sound like someone hitting or thumping on
wood. 

 Within a couple minutes, Richardson's backup arrived, and they went to the
back yard to investigate. Although no one was in the rear of the home, Richardson
noticed that the patio light was unscrewed and there was a crack in the dining room
window. According to Theissen, the window had not been cracked prior to that
evening. Additionally, there was fresh algae on the fence and it appeared that
someone had jumped over the fence and scraped off the algae. At that time,
Richardson radioed for other nearby units to be on the look-out for "suspicious
persons, vehicles, or activity."

 Officer Michael Dew heard Officer Richardson's radio call and began to search
the area. When he approached the corner of Bolivia and Birchmont, he saw a dark
green Buick Le Sabre, parked at the curb about one car length down from the
intersection, turn on its parking lights. (2) As he passed by the car, he heard the car start
and saw it begin to drive away.

 Officer Dew testified that, given the proximity of the car to the crime scene and
the fact that no other traffic was seen in the area, he ordered another unit following
the Le Sabre to stop the car and investigate. Once the car was stopped, Officer Dew
approached appellant, who was a passenger in the car, and asked for his driver's
license. Appellant was wearing a black T-shirt and blue jeans, was out of breath,
sweating heavily, and appeared to be nervous. Officer Dew testified appellant had
algae smudges on his jeans.

 After checking both occupants' driver's licenses through his computer, officer
Richardson determined that both men did not live in the area and that they had
outstanding city warrants. Appellant and the driver were placed under arrest, and the
car was inventoried. In the back seat, officers discovered a backpack, which
contained four flashlights, a pair of infrared binoculars, a mini pry bar, flat tip
screwdrivers, wire cutters, pliers, three pairs of gloves, nylon hose, a loaded .38 Rossi
revolver, ammunition, condoms, and some casino cards from a Louisiana casino with
appellant's name on them.

Motion to Suppress

 In his first point of error, appellant claims generally the trial court erred in
overruling his motion to suppress evidence because the initial stop of his vehicle
violated both the United States and Texas Constitutions. (3) Specifically, appellant
argues that the officers did not have reasonable suspicion to make an investigatory
stop of his vehicle and that the evidence seized after the illegal stop should have been
suppressed.

 Standard of Review

 The deference an appellate court should afford a trial court in reviewing a
search and seizure ruling is often "determined by which judicial actor is in a better
position to decide the issue." Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App.
1997). If the issue involves the credibility of a witness, thereby making the
evaluation of that witness's demeanor important, "compelling reasons exist for
allowing the trial court to apply the law to the facts." Id. Appellate courts should
afford almost total deference to a trial court's determination of historical facts that the
record supports, especially when based on the trial court's evaluation of credibility
and demeanor. See id. at 89. An appellate court "should afford the same amount of
deference to trial courts' rulings on 'application of law to fact questions,' also known
as 'mixed questions of law and fact,' if the resolution of those ultimate questions
turns on an evaluation of credibility and demeanor." Id. However, "appellate courts
may review de novo 'mixed questions of law and fact' not falling within this
category." Id.



 Investigative Detention

 We examine the reasonableness of a temporary detention based on the totality
of the circumstances. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). 
To justify an investigative detention, an officer must have specific articulable facts
which, premised upon his experience and personal knowledge, and when coupled
with the logical inferences from those facts, would warrant the intrusion on the
detainee. Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Although
more than an inarticulate hunch is necessary, a police officer, in appropriate
circumstances, may stop and detain an individual "to investigate suspected criminal
behavior even though there is not probable cause to make an arrest." Hernandez v.
State, 523 S.W.2d 410, 411 (Tex. Crim. App. 1975). To determine whether an officer
is justified in making such an intrusion, the court must find that the articulable facts
used by the officer created a reasonable suspicion that some activity out of the
ordinary was occurring or had occurred, some suggestion to connect the detainee with
the unusual activity, and some indication the unusual activity is related to crime. 
Garza, 771 S.W.2d at 558.

 Under circumstances similar to this case, this Court has held an officer had
sufficient reasonable suspicion to justify an investigatory stop. See Brooks v. State,
830 S.W.2d 817, 819-21 (Tex. App.--Houston [1st Dist.] 1992, no pet.). In Brooks,
an officer, responding to a "burglary-in-progress" call, became suspicious of a parked
car in the area of the burglary because it pulled off the road when the officer
approached. Id at 819. The officer followed the car and radioed ahead to a second
unit and instructed the other unit to stop the car, while the officer returned to check
on the reported burglary. Id. The second officer testified that he stopped the
defendant, "to just find out whether or why he was leaving the scene or if he had any
evidence of a break-in, if at all." Id. He further testified that the defendant
committed no felony or breach of peace, or traffic offense, and made no attempt to
escape in his presence. Id. Once the officer stopped the defendant, he ran a driver's
license check, and found the defendant had outstanding warrants. Id. 

 In deciding the detention issue, this Court concluded that the stop was justified
because the officers were able to articulate that (1) a burglary in progress was
reported at a certain location, (2) the defendant was seen driving from the area as
officers arrived, and (3) based on the experience of the officers, it was not uncommon
for burglary suspects to be leaving or even be gone when officers arrived. Id. at 821. 
We further held that it was "customary to stop and investigate anyone leaving the
immediate area of a burglary in progress." Id.

 The facts of Brooks have significant similarities to the facts of our case. Id. 
Both cases involve officers responding to reports of crime during the early morning
hours. In both situations, the officers observed vehicles departing the area of the
reported crime. In neither case were the occupants of the vehicles identified as
having been at the very location where the reported crime took place before their
vehicles were stopped. In each case, one of the factors in the officer's decision to
stop the vehicle for investigative purposes was that the vehicle was located in close
proximity to the crime scene. In both cases, when the vehicles were stopped, there
was no other traffic seen in the area.

 We recognize that there may be instances when a person's conduct, viewed in
a vacuum, appears purely innocent, yet when viewed in light of the totality of the
circumstances, those actions give rise to reasonable suspicion. Woods, 956 S.W.2d
at 38. We find, as we did in Brooks, that, under the totality of the circumstances in
this case, the officers' suspicion that the occupants of appellant's vehicle could have
been involved in illegal activity was reasonable and was based on articulable facts
and circumstances. See Brooks, 830 S.W.2d at 819-21. Accordingly, we hold that
the trial court did not err in denying appellant's motion to suppress.

 Appellant's first point of error is overruled.

Jury Instruction

 In his second point of error, appellant claims the trial court erred in refusing to
instruct the jury, pursuant to article 38.23 of Texas Code of Criminal Procedure, that,
if it had a reasonable doubt that evidence was illegally obtained, it should disregard
such evidence. See Tex. Code Crim. Proc. Ann. art 38.23 (Vernon Supp. 2002).

 A defendant is entitled to a 38.23 jury instruction only if the evidence
introduced at trial raises a fact issue regarding whether the evidence was obtained
illegally. Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996). When the
essential facts concerning a search or arrest are not in dispute, the legality of the
search or arrest is a question of law, not fact. Campbell v. State, 492 S.W.2d 956, 958
(Tex. Crim. App. 1973); Brooks v. State, 707 S.W.2d 703, 706 (Tex. App.--Houston
[1st Dist.] 1986, pet. ref'd). 

 In this case, appellant does not refer us to any evidence in the record raising a
factual dispute as to how the evidence was obtained. Appellant points to no
inconsistencies in the testimony, and we find none in the record. Instead, appellant
merely asserts that "the record in this cause contains some evidence, which, if
believed, could have supported a conclusion that the appellant was the victim of a
stop and search not supported by reasonable suspicion or probable cause." 
Accordingly, we find the trial court did not err by omitting an article 38.23
instruction. See Tex. Code Crim. Proc. Ann. art. 38.23; see also Bell, 938 S.W.2d
at 48. 

 Appellant's second point of error is overruled.

Legal and Factual Sufficiency

 In his third and fourth points of error, appellant claims the evidence adduced
at trial was legally and factually insufficient to sustain a conviction for attempted
burglary of a habitation. 

 Standard of Review 

 When reviewing the legal sufficiency of the evidence, the court will look at the
evidence in the light most favorable to the prosecution and determine if a rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781 (1979); Garrett
v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993). We will not re-evaluate the
weight and credibility of the evidence, but only ensure the jury reached a rational
decision. See Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).
 When reviewing the factual sufficiency of the evidence, we ask "whether a
neutral review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App.
2000). We will reverse the fact finder's determination only if a manifest injustice has
occurred. Id. In conducting this analysis, we must avoid substituting our judgment
for that of the fact finder. Id.

 Attempted Burglary 

 Criminal attempt occurs when a person acts with specific intent to commit an
offense and does an act amounting to more than mere preparation that tends, but fails
to, effect the commission of the offense. See Tex. Penal. Code Ann. § 15.01(a)
(Vernon Supp. 2002). Attempted burglary is established by proving beyond a
reasonable doubt, by either direct or circumstantial evidence, appellant did an act
amounting to more than mere preparation to enter the habitation of another, without
the owner's effective consent, intending to commit a felony or theft. See Tex. Penal
Code Ann. § 30.02(a) (Vernon Supp. 2002); Roane v. State, 959 S.W.2d 387, 388-89
((Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). Mere presence of an accused at
the scene of an offense is not alone sufficient to support a conviction, although it is
a circumstance tending to prove guilt which, combined with other facts, may suffice
to show the accused was a participant. See Johnson v. State, 537 S.W.2d 16, 18 (Tex.
Crim. App. 1976).

 In this case, the evidence showed that, on the night of the attempted burglary,
Officer Richardson heard low talking, gravel shuffling, and the tapping of glass
coming from the rear of Theissen's home. After his radio made a loud sound, the
tapping on the glass stopped, and he heard "scurrying," "fast movements," and a
sound like someone hitting wood. Upon further investigation in the backyard,
Richardson noticed that a patio light was unscrewed, that there was a crack in the
dining room window, and that algae on the fence had been scraped or scuffed off. 
Immediately, he alerted other officers in the area to be on the lookout for suspicious
persons, vehicles, or activity. 

 Officer Dew, who was just a block away from the scene, observed a vehicle
turn on its lights and begin to drive away within a couple of minutes from
Richardson's broadcast. It was early in the morning, and there was no other traffic
in the area. After pulling over the vehicle, several officers testified that appellant was
wearing dark clothes, he was out of breath, sweating heavily, and appeared to be
nervous. Officers also noticed that appellant had algae smudges on his pants, which
were consistent with the algae smudges Richardson observed on Theissen's fence. 
Theissen also testified that the crack in her dining room window was not there before
the night of the attempted burglary.

 After arresting appellant for having outstanding warrants, Richardson found
a backpack in the car which contained, among other things, flashlights, infrared
binoculars, screwdrivers, wire cutters, pliers, gloves, stockings, a handgun, and casino
cards with appellant's name on them. 

 Although the evidence indicating appellant committed attempted burglary is
entirely circumstantial, the State's evidence, and the inferences which can be drawn
from that evidence, support a finding on each element of attempted burglary. 
Although appellant called three witnesses' in his defense, none of those witness's
testimony undermined the State's case. We hold that the evidence is both legally and
factually sufficient.

 We overrule appellant's third and fourth points of error.

Conclusion

 We affirm the trial court's judgment.



 

 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (4)

Do not publish. Tex. R. App. P. 47.
1. Tex. Penal Code Ann. §§ 15.01(a), 30.02(a) (Vernon Supp. 2002).
2. Bolivia street runs north-south and is the main street which runs through
Thiessen's subdivision. Theissen's house is located on Birchmont, which runs
east-west, and appellant's car was parked at the intersection of Bolivia and
Birchmont.
3. Where, as here, an appellant does not separately argue the existence of
differences in protection against unreasonable search and seizure under the
federal and state constitutions, we may deem the federal and state
constitutional protections identical. Naraiz v. State, 840 S.W.2d 415, 432
(Tex. Crim. App. 1992) (state and federal constitutional protections deemed
identical for purposes of appeal where appellant fails to present separate
arguments showing why state constitutional protections differ from federal
constitutional protections). Hence, we will address appellant's claims under
the United States and Texas Constitutions concurrently.
4. The Honorable Jackson B. Smith Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.