NUMBER
13-04-187-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JAMES PATRICK
PAWKETT,                                                          Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                        On appeal from the County Court 

                                        of
Lavaca County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, James Patrick Pawkett, was charged with
driving while intoxicated. See Tex. Pen. Code Ann. _ 49.04 (Vernon 2003).  The trial court held a pretrial hearing on
appellant=s motions to suppress illegally-seized evidence and
subsequently denied all motions. 
Pursuant to a plea agreement, appellant pled guilty, reserving his right
to appeal from trial court rulings on pretrial motions.  On appeal, appellant contends that the trial
court erred in denying his motions to suppress. 
We affirm the judgment of the trial court.

I. Facts

At the hearing on the motions to suppress, Trooper
Southall of the Texas Department of Public Safety testified he observed
appellant driving on U.S. 90-A at approximately 11:56 p.m. while in the
vicinity of a bar or night club. 
Southall testified he observed appellant=s
vehicle swerve within its own lane, come into contact with the fog line on two
separate occasions, and pull onto the shoulder of the highway without being
prompted to do so.  At that time,
Southall engaged his overhead lights and commenced an investigation, whereupon
evidence was obtained that eventually led to appellant=s conviction.

Southall testified that based on his training, a
vehicle swerving within its lane, coming into contact with the fog line on
separate occasions, and pulling over without being ordered to do so may
indicate the driver of the vehicle is intoxicated.  Further, Southall testified that upon
observing appellant=s driving behavior and taking into consideration the
time of day and location, he suspected that he was witnessing an intoxicated
driver, and that the purpose of the temporary detention was limited to
investigate whether the driver was impaired. 

II. Motion to Suppress








In his sole issue, appellant contends the trial
court erred in denying his motions to suppress evidence obtained during
Southall=s investigation. 
According to appellant, Southall had neither probable cause nor
articulable facts sufficient to justify a lawful investigatory stop.

A. Standard of Review

We review a motion to suppress under a bifurcated
standard of review.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Where, as here, no findings of fact are filed by the trial court, we
view the evidence in the light most favorable to the trial court=s ruling and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  We review de novo questions of law and
Amixed questions of law and fact@ that do not turn on an evaluation of credibility
and demeanor.  Guzman, 955 S.W.2d
at 89.  The issue before us does not turn
on disagreement of facts or evaluation of the credibility of a witness.  Therefore, we will utilize a de novo standard
of review to evaluate the trial court=s decision on the motions to suppress.  See Ross, 32 S.W.3d at 856; Guzman,
955 S.W.2d at 89.

B. Probable Cause & Reasonable Suspicion








In order to justify a temporary detention for
purposes of investigation, a peace officer must have specific articulable facts
which, in light of his experience and personal knowledge, together with
inferences from those facts, would reasonably warrant the intrusion on the
freedom of the citizen stopped for further investigation.  Terry v. Ohio, 392 U.S. 1, 21-22
(1968); Greer v. State, 544 S.W.2d 125, 127 (Tex. Crim. App. 1976).  An inarticulate hunch, suspicion, or the good
faith on part of the investigating officer is never sufficient to justify an
order for a citizen to stop his vehicle. 
Glass v. State, 681 S.W.2d 599, 601 (Tex. Crim. App. 1984).  However, the Fourth Amendment does not
prevent a peace officer, in appropriate circumstances, from stopping and detaining
an individual to investigate suspected criminal behavior even though there is
no probable cause to make an arrest. 
Hernandez v. State, 523 S.W.2d 410, 411 (Tex. Crim. App. 1975)
(citing Terry, 392 U.S. at 19-21). 


There need only be a reasonable suspicion by the
officer that some activity out of the ordinary is occurring or has occurred,
some suggestion to connect the detained person to the unusual activity, and
some indication that the activity is related to a crime.  Hoag v. State, 728 S.W.2d 375, 380
(Tex. Crim. App. 1987).  This
determination of Areasonable suspicion@ must
be examined from the totality of the circumstances.  United States v. Sokolow, 490 U.S. 1,
9 (1989) (noting that series of lawful conduct taken together may amount to
reasonable suspicion); Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim.
App. 1997).  Further, assessing the
reasonableness of a temporary detention requires an objective standard:  whether the facts available to the officer at
the moment of the seizure or search warrant a man of reasonable caution in the
belief that the action taken was appropriate. 
Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).  

III. Analysis








Appellant contends Southall lacked probable cause to
pull him over.  We need not make that
determination as it was only necessary for Southall to have reasonable
suspicion, not probable cause.  See
Hernandez, 523 S.W.2d at 411 (distinguishing reasonable suspicion from
probable cause); see also Hoag, 728 S.W.2d at 380.  Although it is questionable whether a single
instance of coming into contact with the fog line is sufficient to justify
reasonable suspicion of driving while intoxicated, we need not make that determination
here.  The record reflects there were
several circumstances present and available to Southall prior to the
investigatory stop sufficient to raise reasonable suspicion, including his
experience, appellant=s driving behavior, time of day, and location.  Southall is a seventeen-year veteran officer
trained to spot and look for peculiar driving behaviors that may indicate an
intoxicated person is behind the wheel. 
Southall testified he observed appellant=s
vehicle swerve within its own lane, come into contact with the fog line on two
separate occasions, and pull to the shoulder without being prompted to do
so.  He also testified that the totality
of these circumstances led him to make an inference that the driver was
probably intoxicated.  See Woods,
956 S.W.2d at 38 (discussing Sokolow, 490 U.S. at 9) (holding that
wholly innocent conduct taken together may amount to reasonable
suspicion)).   

Appellant argued that his reason for pulling to the
shoulder unprompted was to allow the vehicle behind to pass.  Even if we accept as true appellant=s reason, it enters the equation only as one of many
factors.  We cannot ignore it was
approximately 11:56 p.m. or that Southall observed appellant=s vehicle traveling in the vicinity of a bar or
night club.  These circumstances viewed
in total justify Southall=s reasonable suspicion that appellant was operating
his vehicle while intoxicated. 

In all cases relied on by appellant to show the
manner of driving as an insufficient basis of reasonable suspicion, the
investigating officer=s reasonable suspicion is based upon a violation of
a traffic law.  Here, the State=s position is based upon articulable facts that give
rise to a reasonable suspicion of driving while intoxicated, not a traffic
violation per se.  Thus, we conclude the
cases relied on by appellant are distinguishable and, accordingly, overrule
appellant=s issue on appeal. 

 

IV. Conclusion








We find Southall=s
suspicion reasonable under the totality of circumstances.  The trial court did not commit reversible
error in denying appellant=s motions to suppress evidence.  Accordingly, we affirm the judgment of the
trial court.

    

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

 

 

Memorandum Opinion delivered and filed

this 4th day of August, 2005.