JOHN CARPENTER v. THE STATE.

No. 15887. Delivered May 31, 1933.
Rehearing Denied June 23, 1933.
Reported in 61 S. W. (2d) 849.

The opinion states the case.

*Joe Burkett*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for twenty years.

Appellant insists that the accomplice witness was not sufficiently corroborated. From the testimony of the accomplice witness, C. L. Little, we take the following: He worked for appellant for about ten years. When he and appellant moved to San Antonio they maintained their friendly relations. Being in need of money, he and appellant planned the robbery of a "Pig Stand" on the Fredericksburg Road. Going to the scene of the robbery in a car driven by appellant, they parked the car across the street from the pig stand. Appellant handed him a pistol, an overcoat, and a hat, which they were carrying in the car. He believed these articles belonged to appellant. Putting on the coat and hat and carrying the pistol with him, he left appellant in the automobile and entered the pig stand. Exhibiting the pistol, he took from the possession of N. K. Norton, the injured party, some money. Before he got away from the pig stand he was arrested and the money recovered from him.

Aside from the testimony of the accomplice witness, the state proved the details of the robbery by the injured party and other witnesses. The injured party identified the accomplice witness as his assailant. Again, the state proved by one of the employees of the pig stand that she saw appellant in the automobile across the street about the time of the robbery, and that after the accomplice witness fled from the pig stand appellant turned his car around and ran into a tree or fence. This witness wrote down the last three or four numbers shown on the number plate of the car appellant was driving. Shortly after the robbery officers went to appellant's home and waited. In

five or ten minutes appellant drove up in a Willys-Knight automobile. It bore the last four numbers testified to by the witness who was employed at the pig stand. Moreover, the testimony was to the effect that the car appellant was sitting in on the occasion of the robbery was a Willys-Knight. The state proved by witnesses other than the accomplice that the pistol used by the accomplice witness had been sold to appellant approximately a year before the robbery. After the arrest of the accomplice witness, appellant asked one of the officers to get his coat and hat for him. He apparently referred to the coat and hat taken from the accomplice witness at the time he was arrested. The state proved by two witnesses that appellant asked them to testify to an alibi for him. One of these witnesses said: "Carpenter (appellant) told me he was in a little trouble and asked me to be an alibi witness. He told me he had stuck up a stand out on Fredericksburg Road, and that he wanted me to be an alibi witness and I told him I could not be."

We deem the corroborative evidence sufficient. The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be other evidence tending to connect the defendant with the offense committed. Article 718, C. C. P.; Minor v. State, 108 Texas Crim. Rep., 1. It is not necessary that the corroborating facts or evidence should be such as to show guilt independent of the evidence of the accomplice witness. Johnson v. State, 84 Texas Crim. Rep., 400; Millican v. State, 109 Texas Crim. Rep., 673. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. Minor v. State, supra.

The indictment charged robbery by assault and violence. There was no allegation that appellant used a pistol. No motion to quash the indictment was presented. In the motion for a new trial appellant alleged that the indictment was insufficient because of the fact that it embraced no allegation that a firearm was used, the evidence having disclosed the use of a pistol. The failure to charge the use of a firearm did not vitiate the indictment. On its face it was sufficient to charge robbery by assault and violence. Not conceding that appellant is in a position to urge the point, it is observed that the question is not related to the sufficiency of the indictment, but is a proper subject for discussion under the rules pertaining to variance. Un-

der these rules appellant would be in no position to complain. The case of Sweeney v. State, 281 S. W., 571, presents a situation in which the indictment charged robbery by assault and by the use of firearms. When the case was called for trial the state announced, and the court noted on its docket, that the appellant would only be prosecuted for robbery by assault, and that that portion of the charge which referred to firearms would be abandoned. This practice was held to be permissible. Moreover, it was held that the sole effect of the state's abandonment of the charge that the robbery was committed by the use of firearms was to mitigate the punishment, and that the state was not precluded from developing all of the facts occurring at the time the offense was committed. In short, the court concluded that the proof that a firearm was used was properly made.

Notwithstanding he failed to raise the question until motion for a new trial, appellant contends that the action of the state in failing to indict him for robbery by the use of firearms deprived him of a special venire and of the valuable right of exercising 15 peremptory challenges. If the question had been timely raised, we would have felt constrained to overrule appellant's contention. It has been expressly held by this court, as heretofore pointed out, that in case the indictment embraces a charge of robbery by assault and violence and also charges a use of firearms, it is within the power of the state to abandon that phase charging the use of firearms and prosecute upon the other. Sweeney v. State, supra; Gonzales v. State, 226 S. W., 405. In the same connection it has been held that such action on the part of the state precludes the appellant from exercising the 15 peremptory challenges allowed in capital cases. Gonzales v. State, supra. This holding is based on the fact that after the abandonment of the phase charging robbery with firearms the case is not capital, but is a felony not requiring a special venire. In Williams v. State, 45 S. W. (2d) 628, it was held that where the count charging the use of firearms had been abandoned the court was warranted in refusing a special venire.

Our discussion of the right of the state to omit from the indictment an allegation charging the use of firearms disposes of appellant's contention that the court was required to submit in the charge the law relating to robbery by the use of firearms. The court was only required to submit the issue of robbery by assault and violence.

Appellant alleged in his motion for a new trial that the court erred in not charging upon the subject of alibi. We fail to find any evidence raising the issue. In any event, appellant

interposed no exception to the court's charge, nor did he present a special charge on the subject. In the absence of an exception to the court's charge or a special charge, the question is not presented for review. It is too late to except for the first time in the motion for a new trial to the failure to charge on alibi. Branch's Annotated Penal Code, sec. 54; Williams v. State, 147 S. W., 571; Fowler v. State, 148 S. W., 576.

For the first time in his motion for a new trial appellant raised the question of error on the part of the trial court in permitting the state to prove by two witnesses that appellant attempted to get them to swear that he was not at the place when the offense was committed. The testimony of these witnesses clearly showed an attempt on the part of appellant to fabricate a defense. In the first place, the testimony was admissible on the general issue of guilt; it having been expressly held by this court that it is permissible to prove as a circumstance of guilt that the accused has fabricated or attempted to fabricate testimony. Faulkner v. State, 283 S. W., 824. Appellant's contention that the testimony in question was not shown to relate to the offense for which he had been indicted is not tenable. One of the witnesses testified that appellant told him that he "stuck up a stand out on Fredericksburg Road and that he wanted me to be an alibi witness and I told him I could not be." The place robbed was a pig stand on the Fredericksburg Road, and appellant had been charged with perpetrating the robbery. The statement of the witness was sufficient to show that appellant was talking about the transaction involved in the present case. In the second place, appellant brings forward no bill of exception complaining of the receipt of the evidence. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. This is statutory. See article 667, C. C. P.; Fisher v. State, 1 S. W. (2d) 301, and authorities cited.

Appellant contends that it was fundamental error for the court to fail to limit in the charge the testimony last discussed. There was no objection to the charge of the court for its failure to limit such testimony. If there had been an objection, it would not have been well taken. The testimony was admissible on the general issue of guilt. We have perceived no other issue upon which the testimony shed light. Hence we are unable to see how it could have been limited.

Appellant's next contention is that the punishment is excessive. The Legislature authorized the penalty. The jury, under

proper instructions, returned a verdict supported by sufficient evidence. We would not be authorized to overturn the verdict on the ground that the punishment is excessive. See Allen v. State, 21 S. W. (2d) 527.

It was alleged in the motion for a new trial that the jury in its deliberations considered evidence outside of the record. The proof heard by the court was to the effect that the district attorney, in his argument, stated that appellant was twice the age of the accomplice witness, and knew better than to commit the offense. Several jurors testified that the fact that appellant was older than the accomplice witness was considered. There was no proof that appellant was older than the witness, but the jurors said that in observing appellant and the accomplice they could see that appellant was the older. If appellant desired to object to the argument of the district attorney, he should have interposed his objection at the time the argument was made. He could not wait until motion for a new trial to urge that the argument was improper. This court has committed itself to the proposition that ordinarily objections to argument must be made at the time it occurs in order that the attorney making it may, if he sees fit, withdraw or explain it. Crowley v. State, 35 S. W. (2d) 437, and authorities cited. Unless objection to argument is called to the court's attention at the time the objectionable statements are made, they can not ordinarily be taken advantage of by later complaints. Sears v. State, 106 Texas Crim. Rep., 219. In any event, the jury saw appellant and the accomplice witness. They testified, as heretofore pointed out, that they could tell from looking at the two men that appellant was the older. Under all the circumstances, we do not think it can be said that the matter presents reversible error. It is doubtful whether it was a subject upon which the jury could be questioned. It is well settled that it is not permissible to impeach the verdict of the jury by the testimony of jurors showing what use was made of testimony legally before them. Such an inquiry is not within the scope of the statute on misconduct of the jury. Sims v. State, 258 S. W., 165; DeLong v. State, 55 S. W. (2d) 107.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing shows careful preparation and investigation of authorities. We have noted each of the things claimed to be incorrect statements, whether of law or fact, in our original opinion, and have reached the conclusion that none of them relate to matters material to the disposition of this case, or that any of them if stated otherwise would have been beneficial to the rights of the accused.

The main contention is that there was not any evidence corroborating the accomplice. The facts have been again gone over in the light of appellant's motion. Beyond question he was shown to be in a car just in front of the pig stand where the robbery occurred, at which place the accomplice witness testified appellant was at the time. His presence there was attested by other witnesses than the accomplice. That he was watching intently what occurred at the time, and left hurriedly, is also sworn to by other witnesses. That he was excited by what occurred is attested by the testimony of two witnesses who said he ran into a fence, and also ran into a tree. That the coat and hat worn by the accomplice at the time of the robbery were shown to belong to appellant, seems also evident from the facts in testimony. That the pistol used also belonged to appellant, is shown by evidence aliunde. Perhaps one of the strongest circumstances pointing to appellant as implicated, and corroborating the accomplice, was the effort that appellant made to procure the alibi testimony. The witnesses to this fact testified that appellant admitted to them that he was involved in the transaction. The pig stand at which the robbery occurred was on the Fredericksburg road. A witness testified: "He told me that he had stuck up a stand out on the Fredericksburg road, and that he wanted me to be an alibi witness, and I told him I could not be. He said he wanted me to say that I was riding around town in a car with him between nine and ten o'clock about the 24th of January." We have no doubt of the fact that the circumstances in evidence, aside from that of the accomplice witness, tend to connect appellant with the commission of the offense.

The motion for rehearing will be overruled.

*Overruled.*