**John Larry PEAK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49625.**

Court of Criminal Appeals of Texas.

May 21, 1975.

Rehearing Denied June 4, 1975.

William M. Porter, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of amphetamine. The jury assessed punishment at ten years.

The record reflects that on the 12th day of March, 1971, appellant sold ten "black mollies" or amphetamine tablets to Robert Fullerton, an undercover agent, at the Cloverleaf Lounge in San Antonio.

Appellant testified that he had never been in trouble before and had never sold any pills to anyone. Richard Floan, a detective of the Anaheim, California, Police Department, testified that in June of 1971 appellant gave him what he described as "righteous" mescaline. He also produced a straw some three inches in length and stated that the mescaline was to be "snorted." Appellant then offered to sell him amphetamines, benzedrines and seconal in large quantities in jars of 1000 count for $40.00 a jar. The price of 10,000 would be at a discount rate of $35.00 a jar. Appellant also offered to sell ninety hits of blotter acid. When asked what that was, he replied:

"They take a piece of blotter type paper, approximately eight and a half by eleven inches in size. The paper if (sic) marked off in grids, approximately one inch square, and the LSD is then placed in each one of these squares, one drop in each square. When a sale is made the seller will tear or cut a square off that has been marked on the paper and these are termed hits or blotter acid."

Later, appellant sold Floan ten packages or jars containing approximately 10,000 benzedrine tablets. These were identified by the witness at the trial. Floan also testified that, during the transaction for the benzedrine, appellant tried to negotiate sales of "kegs" of 50,000 and 100,000 count.

Appellant presents six grounds of error.

First he contends that he was denied a speedy trial. He contends that he was unable to locate witnesses because of not being tried earlier. The offense was alleged to have been committed March 12, 1971 in an indictment returned May 12, 1971 when appellant was in California. Appel-

lant was arrested in December, 1972. A new indictment using the correct name of appellant was returned January 31, 1973. He was tried eleven months after his arrest.

The record does not contain a request for a speedy trial.

"When non-availability of witnesses is the basis of the alleged prejudice, an appellant must show that the witnesses were unavailable at the time he was tried; that their testimony may be relevant and material to his defense, and that due diligence was exercised in an attempt to locate such witnesses at the time he was tried." McCarty v. State, 498 S.W.2d 212, 218 (Tex.Cr.App.1973).

No error has been shown. See Courtney v. State, 472 S.W.2d 151 (Tex.Cr.App. 1971); McKinney v. State, 505 S.W.2d 536 (Tex.Cr.App.1974), and Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■■ Next, complaint is made that Article 726d, Section 15, Session Laws, Chapter 437, 61st Leg. Session, page 1474, effective June 4, 1969 (former penal code under which he was tried), was unconstitutional because sufficient notice of punishment increase for the sale of amphetamine was not given.

Amphetamines were included in the term "dangerous drugs" in both the 1959 version of Texas Penal Code Annotated, Article 726d, Section 2, and in the amended 1969 version of said Article. The 1959 version of the Texas Penal Code Annotated, Article 726d, Section 15, classified the offense of sale of a dangerous drug as a misdemeanor. The 1969 version of Section 15, Article 726d, supra, made the sale of a dangerous drug a felony. Specifically delineated in the title or caption to the 1969 Act is the statement, "providing penalties for illegal sale or delivery of certain dangerous drugs." Vernon's Texas Session Law Service: Texas Laws 1969, Chapter 437 at 1474. Amendments are subject to a stricter rule of conformity of title to subject matter legislated on in the body of the act, with the primary goal to be achieved being that the title or caption give fair notice within itself and a reading of the title reasonably forewarn of the subject of the statute. White v. State, 440 S.W.2d 660 (Tex.Cr.App.1969). Since amphetamines were listed as a dangerous drug under both the 1959 and 1969 Acts and since the title to the 1969 amendment states that penalties will be "provided" in five places and "increased" in one, fair warning was given that penalties were to be included in the amendatory act and that they would vary the former uniform penalty of the 1959 Act. Wright v. State, 471 S.W.2d 407, 409 (Tex.Cr.App.1971).

■ Appellant contends that the court erred in failing to grant a challenge for cause on a prospective juror. Only a part of the voir dire examination of the panelist is included in the record. It does not show how many peremptory challenges were exercised. Assuming that a challenge for cause should have been granted, there is no showing that the appellant used all of his peremptory challenges. Absent such a showing nothing is presented for review. Sifford v. State, 505 S.W.2d 866 (Tex.Cr. App.1974).

■ The contention that the court erred in admitting evidence of offers to sell and the sale of drugs in California is overruled. Appellant's testimony that he had never sold any pills and had never been in trouble before made such evidence relevant and admissible.

■ Complaint is also made that the court erred in overruling his motion for continuance after Detective Floan testified about the California transactions. He stated that he was surprised by such testimony.

The record contains no proper motion for new trial based upon the absence of a witness. There is no showing what any witness might testify to. There is no sug-

gestion or proffer of testimony of any proposed witness. There is nothing for us to review.

Lastly, it is contended that reversible error was committed when the trial court overruled the motion for new trial based upon jury misconduct.

Assuming that the questions presented are properly presented for review, the evidence on the motion for new trial was an attempt to show the mental processes of the jurors in arriving at the verdict. Appellant wanted to adduce testimony that a juror had considered the California transactions in assessing punishment. The court gave a limiting instruction on the California transactions. There is no evidence to support this allegation. A defendant is not entitled to develop the mental process of a juror in reaching a verdict.

No abuse of discretion has been shown.

The record contains no reversible error. The judgment is affirmed.