**Michael Ted COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55815.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

Floyd W. Freed, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Lupe Salinas and W. F. Roberts, Jr., Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and CORNELIUS, Commissioner.

## OPINION

WILLIAM J. CORNELIUS, Commissioner.

In a jury trial appellant was convicted of the offense of aggravated robbery. His punishment was set at twenty-four years' confinement in the Texas Department of Corrections. The only ground of error presented is that the trial judge erred in allowing evidence of an extraneous offense committed by appellant.

The State's evidence revealed that at about 1:30 p. m. on December 18, 1975, Glen Pearson and Neal Prince, who were subscription solicitors for a Houston newspaper, went to a housing project at 790 W. Little York in Houston for the purpose of soliciting customers. They had a conversation with appellant, and he referred them to a prospective customer in an upstairs apartment. The two men did not see appellant again until a few minutes later when he returned, armed with a rifle, and robbed them. The robbery occurred in open daylight and was witnessed by some twenty-five or thirty persons.

Appellant did not take the witness stand, but various members of his family testified. One of them asserted that appellant was in the house asleep during the time of the robbery. Others testified that appellant's hair was straight at the time of the alleged robbery, whereas one of the victims had testified that the robber's hair was a curly natural. Over defense objection, the trial judge allowed the State to present evidence of a subsequent robbery which, according to the State's witness, had also been committed by appellant.

Appellant contends that evidence of the extraneous offense was improper for three reasons. First it is argued that the defense witness who raised the defense of alibi was impeached to the extent that his testimony was unbelievable, and the defense of alibi was rendered so weak as to amount to no defense at all, thus making evidence of an extraneous offense improper. The contention is overruled. Even if the claim of alibi were effectively destroyed, the issue of identity was clearly raised by the defense witnesses who testified that appellant's physical appearance on the date of the robbery was different from that of the person identified by the victims as the robber. When identity is an issue, evidence of other offenses committed by the accused is admissible against him, provided the other offenses have similar distinguishing characteristics to those of the offense for which he is being tried. *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976); *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr.App.1974); *Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App.1972). Only when such distinguishing characteristics are present is the extraneous offense relevant, because then there may be drawn an inference that the accused was the person who also committed the primary offense. *Ford v. State*, supra.

The question of distinguishing characteristics constitutes appellant's second reason for contending that proof of the extraneous offense was improper. He ar-

gues that the required similarities in the offenses were lacking. The primary offense was shown to have been committed at 1:30 p. m., in the open, before twenty-five or thirty persons, and upon two businessmen soliciting business at the housing project. The alleged extraneous offense was shown to have been committed at approximately 1:30 in the afternoon, in open daylight, at the same housing project, upon a businessman who was visiting the project, and in the presence of some fifteen witnesses. The offenses were only twelve days apart, and it was shown that appellant was a resident of the apartment complex. We think sufficient distinguishing characteristics were shown to make the extraneous offense admissible. The common characteristics may be proximity in time or place, or the common mode of the commission of the act. *Ransom v. State*, supra. Both are present in this case. Appellant points to certain dissimilarities in the offenses, such as the fact that the primary offense was committed by appellant alone and the extraneous one involved appellant and two confederates, and the primary offense involved the use of a firearm while the other offense did not. These dissimilarities do not destroy the extraneous offense's relevance in showing identity. The offenses need not be exactly the same. See *Ransom v. State*, supra.

Finally, appellant urges that the extraneous act should not have been admitted because the testimony regarding it failed to establish all the elements of a criminal offense. The contention is without merit. That the act did not constitute a criminal offense or result in prosecution does not render it inadmissible, if it possesses the requisite similarities to render it admissible on the issue of identity, intent or scheme or design. *Crawley v. State*, 513 S.W.2d 62 (Tex.Cr.App.1974); *Williams v. State*, 161 Tex.Cr.R. 500, 279 S.W.2d 348 (1955).

The judgment is affirmed.