Jose Garcia **BENAVIDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–82–0236–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 28, 1983.

Cowsert, Bybee & Line, Terry D. Lange-hennig, Hereford, for appellant.

Roland Saul, Dist. Atty., Roxanne M. Davis, Asst. Dist. Atty., Hereford, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Jose Garcia Benavidez brings this appeal from his conviction for aggravated robbery. The punishment, enhanced by a jury finding of two previous felony convictions, was assessed at life confinement in the Department of Corrections. For reasons hereinafter expressed, we affirm the judgment of conviction.

Appellant urges three grounds of asserted error: (1) the trial court erred in allowing the State to introduce evidence of an extraneous offense; (2) the evidence produced was insufficient to prove the offense charged; and (3) the charge limiting the jury's consideration of the extraneous offense contained language constituting an

impermissible comment on the weight of the evidence.

In its case in chief the State called two witnesses, the victim and a deputy sheriff. The victim, Diana Castillo, has since married and is now Diana Castillo Mills. Mrs. Mills testified she was a convenience store clerk for Allsup's in Hereford, Texas and worked the 11:00 p.m. to 7:00 a.m. shift by herself. On December 6, 1981, about 2:00 a.m., she was robbed by appellant and another man who had a bandana tied around his head. After both men entered the store, appellant first walked around in the store, which gave the victim a good opportunity to observe him. He later grabbed her by the neck, turned her head so that she could not see him and repeatedly told her not to look at him. He told her that it was a "robbery", pressed something against her back, and told her to place the money from the cash register into a paper bag. After obtaining the money, appellant told her to go behind the counter and lie on the floor. The appellant and his companion then left the store and Mrs. Mills notified the police. Her identification of appellant as the person who took the money was firm and positive. The deputy sheriff testified appellant escaped from custody after his incarceration, and between the time of his arrest and the time of trial, appellant had altered a distinctive tattoo.

After the State rested its case in chief, the defense presented two witnesses in an attempt to establish an alibi defense.

Upon rebuttal, the State called another witness to testify about an extraneous offense. The witness stated that she was a convenience store clerk in Hereford, Texas. She said that she was robbed about 1:00 a.m. on January 27, 1982, while alone in the store. According to the clerk, two "Spanish" men entered the store. Appellant, one of these men, eventually came to the store clerk, displayed a silver handgun, and told her to place the money from the cash register into a paper bag. Appellant's companion had a bandana tied around his head. During the robbery, the appellant told the store clerk not to look at him. After the clerk handed the bag of money to the appellant, she was told to lay down on the floor behind the cash register. Shortly thereafter, the appellant and his companion left the store and she called the police. The store in which this robbery took place was about a mile from the store robbed in the instant offense.

■ It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr. App.1975). However, there are exceptions to this general prohibition against the introduction of extraneous offenses. In *Albrecht v. State*, 486 S.W.2d 97, 100–101 (Tex.Cr.App.1972), the court stated:

> Evidence of extraneous offenses committed by the accused has been held admissible ... to refute a defensive theory raised by the accused.

■ In the instant case, when appellant raised the defensive theory of alibi, he placed his identity in issue. *Berry v. State*, 588 S.W.2d 932, 934 (Tex.Cr.App.1979); *Mitchell v. State*, 503 S.W.2d 562, 564 (Tex. Cr.App.1974). When identity is an issue, evidence of other offenses committed by the accused is admissible against him, provided that the other offenses have similar distinguishing characteristics to those of the offense for which he is being tried. *Berry v. State, supra; Ransom v. State*, 503 S.W.2d 810, 813 (Tex.Cr.App.1974). Only when such distinguishing characteristics are present is the extraneous offense relevant, because then there may be drawn an inference that the accused was the person who also committed the primary offense. *Collins v. State*, 577 S.W.2d 236 (Tex.Cr.App.1979); *Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App.1972).

A review of the similarities of the cases here in question shows that in both instances:

(a) the appellant was clearly identified as one of the perpetrators;

(b) the stores were within a mile of each other;

(c) the robberies occurred within a two month period;

(d) the offenses were committed in the early morning hours;

(e) the female clerks were alone while operating the respective convenience stores;

(f) the offenses were committed by appellant and one male companion;

(g) in each case appellant's companion was wearing a bandana around his head;

(h) appellant forced the clerks to take money from the cash register, place it in a paper sack, and then lie down on the floor as appellant and his companion exited the stores;

(i) both robberies were committed at convenience stores of similar mode of operation.

We find that sufficient similar distinguishing characteristics were shown to make the extraneous offense admissible. *See Mitchell v. State, supra.* The common characteristics may be proximity in time or place, or the common mode of the commission of the act. *Collins v. State, supra; Ransom v. State, supra.* Both are present in this case. The trial court did not err in the admission of the extraneous offense. Ground of error one is overruled.

In his second ground, appellant argues insufficiency of the evidence to support the verdict of the jury. When the sufficiency of the evidence is challenged, this court must accept the findings of the jury on conflicting testimony and determine whether or not there is evidence from which they were warranted in finding beyond a reasonable doubt, that the appellant committed the offense as charged. *Vera v. State*, 499 S.W.2d 168 (Tex.Cr.App.1973).

The essential ingredients of aggravated robbery as alleged by the State herein are:

(1) Appellant

(2) in the course of committing theft

(3) with intent to obtain or maintain control of the property

(4) intentionally and knowingly

(5) threatened or placed Diana Castillo in fear of

(6) imminent bodily injury

(7) using or exhibiting a deadly weapon. *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr. App.1980).

It is appellant's specific contention that the evidence is insufficient to establish the key element of appellant's use of a handgun in the commission of the robbery.

During direct examination of Mrs. Mills, the record shows the following testimony:

Q. And what did he do with the other hand?

A. He had it pointed in my back. Okay, and at the time I thought it was a gun but I wasn't sure, I figured it could be anything.

Q. In your back?

A. Yes.

Q. How did it feel?

A. Like a gun I guess.

Q. Okay, how is that?

A. Just something pressed toward my back.

Q. Was it hard?

A. Yes.

Q. Was it about the size of a gun barrel?

A. Yes.

\* \* \* \* \* \*

Q. And, what happened then?

A. He—okay, I went to the register and I opened it and I started getting money out and I didn't get the bag so I guess he—this is when I could have saw the gun, I don't know, he threw it on the counter, I don't know, and he got—

Q. Okay. Now, let's slow down a little bit.

\* \* \* \* \* \*

A. Yes. And, I told him no and I showed him and then after—that during this time he let go of my neck since he was helping me but he still had the gun pointed back towards me and I figured it was a gun because I'm sure I heard it cock and then—

Upon cross-examination, the record shows the following relevant dialogue:

Q. Now, your testimony relating to a gun, Mrs. Mills, is it not true your testimony was such that you never—did you testify that you did not ever see the gun?

A. Yes, I know for sure that I did not see it, I mean, I could have I'm not sure because I didn't, in that sense I'm not sure I did or not.

Q. Okay. And, your description as far as what was poked in your back when the assailant was there, you don't know for sure that that was a gun or it could have been a stick, it could have been any object, could it not?

A. Well, at the time when he poked me I did believe that it could have been anything but when I heard it cock I knew it was a gun.

\* \* \* \* \* \*

Q. Have you been around guns a lot in your life that you know a cock of a gun?

A. No.

Q. All right. So, you are just saying that in your mind when you heard that because of what was going on you assumed that was the cock of a gun?

A. Right.

Q. But you did not see a gun cock at that time?

A. Right.

 In the exercise of its classic role of determining the credibility of the witness and the weight to be given her testimony the jury chose to believe that appellant did use a handgun in the commission of the offense. We think the evidence is sufficient to support that finding as well as the other essential elements necessary for conviction. *See: Taylor v. State,* 637 S.W.2d 929, 933 n. 3 (Tex.Cr.App.1982); *Moore v. State,* 531 S.W.2d 140 (Tex.Cr. App.1976); *Miller v. State,* 629 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Ground of error two is overruled.

In his third ground of asserted error, without citation of specific authority, appellant contends a portion of the trial court's instruction dealing with the jury's consideration of the extraneous offense constituted an impermissible comment on the weight of the evidence. The challenged instruction advised the jury that, before it could consider the testimony about the extraneous offense for any purpose, it must first find beyond a reasonable doubt the appellant committed the other offense, and then they could only consider it for the purpose of determining identity and "the exhibit, if any, of a handgun, if any, by the defendant in connection with the defense, if any, alleged against him in the indictment." It is the portion of the instruction above set out in quotation marks which is challenged by appellant.

The extraneous offense was admissible to rebut the defensive theory of alibi, as well as to show identity. *Collins v. State, supra.* In *Ruiz v. State,* 523 S.W.2d 691, 694 (Tex.Cr.App.1975), the court held that where it was proper to admit evidence to rebut that offered by a defendant, there was no need for a charge limiting the jury's consideration of the testimony. Therefore, the court went on to say, any error in giving a charge limiting the jury's consideration of the testimony to a particular purpose was an error against the State, about which the appellant was in no position to complain. This authority is cogent and applicable to the ground here considered. Ground of error three is overruled.

There being no reversible error, the judgment of conviction is affirmed.