# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00571-CR

**David Andrew Mendez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 975373, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following reversal of his conviction and a second trial on the same charge, a jury found appellant David Mendez guilty of capital murder and affirmatively found that he used a deadly weapon to commit the offense. *See* Tex. Pen. Code Ann. § 19.03(a)(7)(A) (West 1994). The district court assessed punishment at life imprisonment, as the State had waived the death penalty. On appeal, appellant asserts in three issues that the district court erred by allowing testimony from a witness whose identity and tape-recorded statement were untimely disclosed, and by failing to grant appellant a continuance and a motion for new trial based on the State's violation of the trial court's discovery order regarding the witness. For the reasons below, we affirm the conviction.

## BACKGROUND

Appellant was convicted for the 1997 murder of two men, allegedly in retaliation for their theft of drugs and money from him. The conviction was reversed by this Court in September 2001 because of the improper admission of a co-defendant's written confession, and the case was remanded to the trial court. *See Mendez v. State*, 56 S.W.3d 880 (Tex. App.—Austin 2001, pet. ref'd).

On re-trial, seventeen witnesses testified for the State. One of the State's witnesses was inmate Paul Alba, who did not testify in the first trial. Alba testified to various incriminating statements made to him by appellant in spring 2003, when the men were housed in adjoining cells at the county jail. The issues now raised by appellant relate to the admission of Alba's testimony. Appellant does not challenge the legal or factual sufficiency of the evidence to support his conviction. The facts relevant to the appeal are as follow.

Trial was scheduled to commence on August 25, 2003. Two months prior to trial, on June 27, appellant filed a motion for discovery, requesting production of specified categories of evidence. Among the items requested, appellant sought oral, written, and recorded statements made by appellant, including all statements by appellant that could be admitted as a "'res gestae' statement, spontaneous statement, or other utterance," and copies of audio tapes in which appellant was mentioned. Appellant also sought the existence of any agreements between the State and any of its witnesses. On August 4, the State filed its witness list, which included Paul Alba's name along with 123 other witnesses.

2

At a pretrial hearing on August 6, appellant's counsel specifically raised and requested the disclosure of any oral agreements between the State and any of its witnesses, the criminal records of any of the State's witnesses, and any "res gestae" statements. The prosecutor responded that "[t]he witnesses' statements aren't discoverable until after the witness testifies." The district court granted the discovery requests stating: "[I]n the interest of judicial economy I am going to order if y'all have a statement that is a res gestae statement made . . . by the defendant that wasn't introduced at the [first] trial that y'all intend to introduce this time, then I need for y'all to give separate notice of that" to the defense. Other than the trial judge's statement on the record, the docket sheet does not reflect any other ruling by the court. The record does not contain a written order signed by the trial court.

On August 20, the State disclosed the existence of Alba's tape-recorded interview conducted by police on May 1, 2003, in which Alba told investigators that appellant had discussed the murders. The next day, appellant filed an unsworn motion for continuance and, in the alternative, to exclude Alba's testimony on the grounds that the State's untimely disclosure constituted unfair surprise and that the State improperly withheld exculpatory evidence. *See Brady v. Maryland,* 373 U.S. 83 (1963). Appellant sought additional time to investigate Alba's factual allegations, his criminal background, and whether he acted as a government agent. The court denied the motion, finding that the facts of the statement were not "new" and that the substance of the statement was not a surprise.

On August 25, the first day of trial, appellant filed a second sworn motion for continuance or, in the alternative, to exclude Alba's testimony, seeking additional time to subpoena

3

Alba's prison record at the Texas Department of Corrections regarding Alba's gang activities. Specifically, appellant sought reports of assaults and murder attempts on Alba, his disciplinary records, criminal judgments, cases in which Alba appeared as a witness for the State, and any records of Alba's discussions with law enforcement agents. At a hearing on appellant's motion, the prosecutor advised defense counsel that he was unaware of any agreements made with Alba and further that the records sought by appellant had been requested and were expected that same day. The court denied appellant's motion and trial commenced that day. Alba did not actually testify until August 27.

Before Alba testified at trial and outside the jury's presence, appellant requested an opportunity to subpoena Alba's complete prison record for impeachment purposes. In response, the State recited that it had received four "pen packets" and disciplinary records from the Texas Department of Corrections and had turned them over to defense counsel. Appellant then took Alba on voir dire to determine whether he had acted as an agent of law enforcement and to establish the circumstances of his transfer to the county jail.

Alba testified on voir dire that he had both federal and state convictions and was returned to state custody after his federal sentencing. He recalled meeting appellant in jail in 1997 and that he had "told [appellant] to be quiet and quit talking about his case." When appellant and Alba were again housed in adjoining cells in 2003, Alba again told appellant that "he needed to quit telling other people about his case." When appellant continued to talk, Alba asked a prison guard to tell appellant not to talk about his case, and Alba then reported the conversations to his lawyer. Thereafter, Alba agreed to give a statement to law enforcement. Alba testified that he had been a

4

gang member and preferred federal custody to state custody, but he had not been promised anything in exchange for his testimony.

Based on this testimony, appellant urged that Alba was an agent of the State and had solicited information from him. At the close of Alba's testimony on voir dire, the trial court found that Alba did not want to be burdened with appellant's information, did not intentionally solicit information from him, and was not acting as an agent of the State when he received the information. The court also concluded that the State had timely disclosed Alba's statement and other requested discovery materials, and that these items were not *Brady* material. Although appellant made reference to seeking other "information that we need to impeach him," he did not specify any information that he had requested but not received from the State. The trial judge then denied appellant's second motion for continuance or to exclude the testimony, and permitted Alba to testify for the State.

## ANALYSIS

In three issues, appellant urges that the trial court erred in allowing Alba to testify, that a continuance should have been granted to allow appellant an opportunity to obtain additional impeachment information, and that his motion for new trial should have been granted due to the untimely disclosure of Alba and his statement.

### Admission of Alba's Testimony

The appeal turns on appellant's first issue in which he challenges the admission of Alba's testimony on the ground that it violated the court's discovery order. Appellant argues that

5

the State violated the court's discovery order either by improperly "withholding" Alba's tape-recorded statement or by untimely disclosing the statement four days before trial. The State counters that appellant failed to preserve error because his objections at trial do not comport with those on appeal. Specifically, the State claims that appellant has preserved nothing for review because at trial appellant objected on the grounds of undue surprise, inability to render effective assistance of counsel, and the need for impeachment evidence, while on appeal appellant claims bad faith and wrongful withholding by the State.

A complaint on appeal must comport with the trial objection or nothing is presented for review. *See Wilson v. State,* 71 S.W.3d 346, 349-50 (Tex. Crim. App. 2002); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Because one of the purposes of a discovery order is to prevent undue surprise and provide for the timely production of discovery as required by the rules of procedure, on this record appellant has preserved for review the issue of whether Alba's testimony was improperly admitted.[1] It was clear from the context what appellant sought. Because he presented the grounds on which he believed he was entitled to the requested relief with sufficient specificity to make the trial court aware of the objection, we will reach the merits of his complaint. *See Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

Alba's identity was disclosed in a lengthy list of witnesses on August 4, and his tape-recorded statement was produced on August 20. At the pretrial hearing on August 6, the district

---

[1] Because appellant expressly stated at trial that he was not challenging the good faith of the prosecutor in the timeliness of the discovery, he has failed to preserve his challenge on this ground.

court directed the State to produce "res gestae" statements made by appellant or his co-defendant. Because the statement was not produced until August 20, appellant urges that the statement was wrongfully withheld.

Because appellant does not enunciate a specific basis for his entitlement to Alba's tape-recorded statement, we first examine the legal basis entitling appellant to its production. Article 39.14 of the Texas Code of Criminal Procedure provides for discovery by the defendant of certain evidence within the possession or control of the State or its agencies, as follows:

> Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection . . . .

Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2004). The statute excludes witness statements from production and trial courts have limited authority to order discovery of anything outside the purview of the statute.

In the tape-recorded statement, Alba claimed that appellant essentially confessed to the murders while they were in jail together. Alba's statement does not constitute a "written statement of the defendant" that the State would be required to produce. Nor does it constitute a "res gestae" statement made by appellant or his co-defendant as contemplated by appellant's request or

7

the court's order. *See Williamson v. State*, 771 S.W.2d 601, 606 (Tex. App.—Dallas 1989, pet. ref'd) (res gestae statement is "one made in response to a startling event, spontaneously or impulsively, without time for reflection or contrivance . . . ."). It is a statement of a witness that is material to a matter involved in the action and, as such, is producible after the witness testified. *See* Tex. R. Evid. 615.

The trial court had discretion to order earlier production of the discovery, and the record reflects that the trial judge ordered to be produced statements in the nature of admissions that were made by appellant. But this category of discovery does not encompass statements made by appellant to non-law enforcement witnesses, such as the statements made by appellant to Alba. Appellant has not established that the State failed to comply with the court's discovery order.

In any event, no written order specifying the "time, place and manner" for production as specified by article 39.14 was entered in this case. When the court considered the general motion for discovery production, it did not set a deadline by which the State was required to respond. The State was ordered to produce discovery and did so. A reasonable construction of the court's order would require production of the discovery at a time sufficient to permit appellant to analyze the materials and otherwise prepare his defense. Alba's statement was produced five days prior to the commencement of trial, and the criminal records were produced upon receipt from the Texas Department of Corrections. That the trial judge contemplated timely compliance with his oral order is clear. Given the trial court's instruction on August 6 for the prosecutor to provide notice to appellant of any res gestae statement not introduced in the first trial, the State should have produced the evidence in a more timely fashion, even though the statement did not come strictly within the

8

terms of the court's oral order. However, since the order contained no date by which the evidence was to be produced, the production on August 20 did not violate any express term of the order. *See State v. LaRue*, 108 S.W.3d 431, 435 (Tex. App.—Beaumont 2003), *aff'd*, No. PD-985-03, 2004 Tex. Crim. App. LEXIS 1833 (Tex. Crim. App. Nov. 10, 2004).

When no specific time, place or manner of discovery of the requested materials is specified by the court's order, production of such materials immediately prior to trial does not violate the discovery order. *Murray v. State*, 24 S.W.3d 881, 893 (Tex. App.—Waco 2000, pet. ref'd). Because no deadline was imposed by the court, the State's failure to produce the statement in a more timely fashion was not a violation of the court's discovery order. *Id*. Appellant's first issue is overruled.

**Motion for Continuance**

In his second issue, appellant contends that the district court erred in denying his motion for continuance. On August 21, appellant filed an unsworn motion for continuance asserting unfair surprise and prejudice due to the untimely disclosure of Alba's statement. On August 25, appellant filed a second sworn motion for continuance and, in the alternative, to exclude Alba's testimony. In the motion, appellant sought Alba's prison records for impeachment purposes, records of convictions, cause numbers of cases in which Alba had previously testified as a witness, and any agreements he had with law enforcement. The prosecutor confirmed that he had provided some of the records to the defense and that others had been ordered and were expected that same day.

The trial court's ruling on a motion for continuance is reviewed for abuse of discretion. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). To establish an abuse

of discretion, the defendant must show that he was actually prejudiced by the denial of his motion. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). Appellant urges that he was prejudiced by the State's untimely disclosure because it provided him with an insufficient opportunity to investigate Alba. Appellant argues that Alba's testimony was essential to the State's case and that, given Alba's felony convictions, he could have impeached this witness with a sufficient time period to develop the evidence.

From the time the State disclosed Alba's statement until Alba testified, appellant had seven days to prepare for this testimony. Appellant does not show now and did not argue before the trial court that, had he been granted a continuance, he would have been able to procure a witness to counter some aspect of Alba's testimony. Nor does the record reflect that the State withheld any evidence of Alba's prison records, any agreements, or any exculpatory evidence to which appellant might be entitled. The record reflects extensive cross-examination of Alba regarding his record and gang connections. Appellant has failed to show that he was prejudiced by the trial court's ruling. His second issue on appeal is overruled.

### Motion for New Trial

In his third issue, appellant urges that the trial court erred in overruling his motion for a new trial. He briefs and argues this point together with his challenge to the denial of his motion for continuance. Appellant urges that the tardy disclosure of Alba's identity and the nature of his testimony deprived him of an opportunity to thoroughly investigate Alba.

Appellant timely filed a motion for new trial, attaching his investigator's affidavit averring that "[d]ue to the late notice of the new witness, I was not able to investigate any of the new

10

information prior to trial" or "to obtain background information" on Alba. No new facts were adduced.[2] There is nothing in the record that reflects that a post-trial investigation revealed information to counter Alba's testimony. At a brief hearing on the motion for new trial, defense counsel urged that he was unable to investigate any of the new information prior to trial. The trial court observed that Alba "is well known in these parts" and "it would not be hard for anybody, especially an investigator" to locate his prior record and "anything else about him." The court then denied the motion.

The denial of a motion for new trial lies within the discretion of the trial court. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). There is no basis for reversal if there is no record showing what evidence would have been produced had a continuance or motion for new trial been granted. *See Peak v. State*, 522 S.W.2d 907, 909-10 (Tex. Crim. App. 1975). Appellant does not state what information or evidence would have been discovered with additional time. We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. Because the trial court is the sole judge of the credibility of the evidence and there was no evidence adduced of any actual prejudice caused by the untimely production of Alba's identity and statement, under these facts and circumstances, we conclude that the trial court did not abuse its discretion in overruling appellant's motion for a new trial. Appellant's third issue is overruled.

---

[2] If a motion for a new trial is necessary to adduce facts not in the record, it must be supported by an affidavit, though not required by statute or rule. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.).

We affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   December 16, 2004

Do Not Publish