



## MEMORANDUM OPINION

No. 04-10-00889-CR

Christian **ADAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR1852A
Honorable Mary D. Román, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
           Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice

Delivered and Filed:    July 20, 2011

AFFIRMED

The trial court convicted Christian Adams of aggravated robbery and assessed punishment at eight years confinement. On appeal, Adams contends the evidence is insufficient to support the aggravating element of the robbery — that he used or exhibited a firearm. We affirm.

**BACKGROUND**

Claudia Solis observed two young males, Adams and Robert Ruffins, walking down the street at around 10:30 p.m. or 11:00 p.m. when she was in her car returning home from shopping. The young men were the only individuals Solis saw on the street that night, and she noted that they had their hands in their pockets and hoods over their heads. After Solis passed Adams and Ruffins, the two men turned around and began walking in the same direction that Solis was traveling.

Solis arrived at her home and she backed her vehicle into her driveway. When she looked out toward the street, Solis saw that Adams and Ruffins had caught up with her and were standing outside her residence on the sidewalk. Ruffins approached Solis and asked whether he could borrow her cell phone. Solis responded negatively, and the young man then asked if he could borrow five dollars. Solis again responded negatively, and the young man proceeded to ask Solis if her husband was inside her home. Solis answered "no" and then inquired about how she could otherwise be of assistance to the young men. The men replied that they were having car trouble and Solis indicated to them that she would go get her house phone for them to make a call for assistance.

When Solis turned to go inside her residence, the two men ran up behind her, pushed her toward her front door, and ordered her to give them her "fucking purse." Solis felt the men pressing something against the back of her head and turned around. When she did, Solis saw the men holding what she thought were handguns and tried to push them away from her head.[1] Although Solis was not absolutely certain the robbers were holding handguns, she nonetheless believed the men were brandishing firearms due to their aggressiveness and the fact that she saw what appeared to be the metallic tips of guns pointing at her. Solis stated that she saw only about

---

[1] Solis testified she got a good look at her assailants' faces at this time.

one inch of the guns because the sleeves of Adams's and Ruffins's clothing concealed the other parts of their weapons. Solis also concluded the men were holding handguns because the objects the men pointed at her felt cold when she pushed them away from her head and the objects felt like guns.

Solis continued to push the robbers' guns away from her head until one of them asked if she thought they were "fucking playing with her?" Solis decided to cooperate with the robbers and gave them her purse and car keys. When the two men left the premises, Solis went inside her residence and called 9-1-1. The police arrived shortly thereafter, but they were unable to locate the robbers. The police subsequently showed Solis a photographic line-up and she identified Adams and Ruffins as her assailants. Adams was later arrested and indicted for committing aggravated robbery.

Adams pleaded not guilty and proceeded to a jury trial. The jury was unable to reach a verdict and the trial court granted a mistrial. Adams waived his right to a jury upon the retrial of his case and was convicted by the trial court following a bench trial. The trial court sentenced Adams to a term of eight years imprisonment and this appeal followed.

### SUFFICIENCY OF THE EVIDENCE

Adams's sole issue on appeal challenges the sufficiency of the evidence to support his conviction for aggravated robbery. During a sufficiency review, we examine all of the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "'This Court may not re-evaluate the weight and credibility of the record evidence and . . . substitute our judgment for that of the fact-finder.'" *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (citation omitted). Thus, we give deference to "'the

responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (citation omitted). Direct and circumstantial evidence cases are treated equally during our review of the evidence: "'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits the offense of robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE § 29.02(a) (West 2011). A robbery is aggravated if a person uses or exhibits a deadly weapon in the course of committing the robbery. *Id*. § 29.03(a)(2) (West 2011). In relation to a deadly weapon, the term "use" means to employ or utilize in order to achieve its purpose. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). A deadly weapon is exhibited when it is consciously shown or displayed during the commission of the offense. *Id.* "The use of a deadly weapon may be established even though the victim did not actually see the gun." *Barehill v. State*, 740 S.W.2d 572, 574 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

Here, Adams contends the evidence is insufficient to support the aggravating element of the robbery, *i.e.*, that he used or exhibited a firearm during the commission of the offense. According to Adams, no rational trier of fact could have found beyond a reasonable doubt that he used or exhibited a firearm during the commission of the offense because: (1) none of the alleged robbers claimed to have a gun or made any threats to shoot the complainant; (2) the complainant

never testified to seeing "an entire gun"; and (3) the complainant acknowledged that "what she thought might have been a gun could very well have been a black magic marker."

Although Solis did not see an entire gun or hear any remarks from the robbers about their possession of guns, the trier of fact heard ample other evidence to support Solis's perception that her assailants used or exhibited guns during the commission of the offense. The record shows Adams and his companion were acting aggressively toward Solis and kept their hands in their shirt sleeves throughout the robbery as if to conceal a gun. The complainant testified that she saw what appeared to be the metallic tips of gun barrels pointing at her from inside the men's shirtsleeves during the course of the robbery. When Solis came into contact with the objects that the robbers held, she noted the objects were cold and felt like guns.

As for the fact that Solis acknowledged during trial that "what she thought might have been a gun could very well have been a black magic marker," such testimony concerns the trial court's role in resolving conflicts, weighing the evidence, and making credibility determinations. Moreover, each fact need not point directly and independently to Adams's guilt as long as the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Viewing all of the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to establish that Adams used or exhibited a firearm during the commission of the offense. *See Benavidez v. State*, 670 S.W.2d 297, 300-01 (Tex. App.—Amarillo 1983, no pet.) (concluding evidence was sufficient to support a finding that appellant used a handgun during the commission of a robbery where appellant poked the complainant in the back with something that felt like a gun and complainant testified that she heard what she believed was the cocking of a gun during the commission of the offense).

**CONCLUSION**

Adams's sole issue on appeal is overruled and the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH